UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| MILDRED POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | 3:07-CV-00561-LRH-RAM |
| | ) | |
| v. | ) | |
| | ) | <u>ORDER</u> |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY and DOES I through X, inclusive, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I. Factual Background**

This case involves an insurance dispute between Plaintiff Mildred Powell and Defendant Liberty Mutual Fire Insurance Company. Plaintiff filed a complaint in state court alleging breach of contract, bad faith, and breach of the Nevada Unfair Claims Settlement Practices Act. On November 20, 2007, Defendant filed a petition for removal to federal court (#1[1]). Defendant premised federal jurisdiction on the parties' diversity status, contending that Defendant is a resident of Massachusetts and Plaintiff is a resident of Nevada. (Pet. for Removal (#1) at 2.) Defendant also stated that "the matters in controversy exceeded $75,000 based on Plaintiff's alleged damages and request for punitive damages, exclusive of interest and costs." *Id*.

---

[1]Refers to the court's docket

Subsequently, Defendant filed a motion for partial summary judgment (#13) on February 27, 2008. Plaintiff filed a response (#16) on March 27, 2008, and Defendant replied (#18) on April 10, 2008.

Before the court reaches the merits of the motion for partial summary judgment, however, the court must determine whether the requisite amount in controversy is present to confer subject matter jurisdiction.

**II. Legal Standard**

"[Any] civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). District courts of the United States may have original jurisdiction where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

To determine whether the defendant has established diversity jurisdiction, the court first applies a mechanical test to determine whether the *ad damnum* clause of a complaint demands a monetary amount that meets the amount in controversy requirement. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). However, where the complaint does not establish compliance with the amount in controversy requirement, "the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds" the requisite amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To meet this burden, "jurisdiction may [not] be maintained by mere averment" and must be established by "competent proof." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Furthermore, "the defendant bears the burden of actually proving facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 2002).

After a party files a petition for removal, the court must determine "whether federal jurisdiction exists, even if no objection is made to removal." *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Thus, when the amount in controversy is not "facially apparent" in the complaint, "the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer*, 116 F.3d at 377 (internal quotations omitted).

**III. Discussion**

The threshold issue in this case is whether the amount in controversy exceeds $75,000, thereby establishing federal jurisdiction. Defendant's petition for removal states that Plaintiff's alleged damages and request for punitive damages establishes the jurisdictional threshold. (Pet. for Removal (#1) at 2.) While Plaintiff has not challenged federal jurisdiction, she contends that damages are "in excess of $10,000." (Pet. for Removal (#1), Ex. 1 at 4.)

After careful review of the pleadings, the court finds that Defendant has not presented sufficient facts to comply with the amount in controversy requirement of § 1332(a); therefore Defendant must produce further evidence to establish federal jurisdiction.

Before Defendant filed a petition for removal, Plaintiff filed a complaint in the Second Judicial District Court of the State of Nevada. According to the Nevada Rules of Civil Procedure, a party seeking more than $10,000 in a claim may only demand damages "'in excess of $10,000' without further specification of amount." Nev. R. Civ. P. 8(a). Here, Plaintiff complied with this rule and claimed damages "in excess of $10,000." (Pet. for Removal (#1), Ex. 1 at 4.) Consequently, it is not "facially apparent" from the complaint that the amount in controversy meets the $75,000 requirement.

Defendant's petition for removal also fails to establish the amount in controversy requirement because Defendant merely asserts that "the matters in controversy exceed $75,000 based on Plaintiff's alleged damages and request for punitive damages, exclusive of interests and

3

costs." (Pet. for Removal (#1) at 2.) Defendant does not show "competent proof" of the required amount in controversy beyond this conclusory assertion. Furthermore, the exhibits submitted in connection with the present motion for summary judgment do not establish the amount in controversy requirement. While Defendant submitted a copy of policy declarations to show Plaintiff's insurance coverage limits, Defendant did not demonstrate how these limits would assist in determining the amount in controversy. Also, while both parties hired experts to study the damage to Plaintiff's home, neither party presented any estimate of damage into evidence.

Thus, the court requires more evidence to determine whether it has jurisdiction in this case. Jurisdiction will only exist if Defendant can present "summary-judgment-type evidence" to establish by a preponderance of the evidence that the claims meet the amount in controversy requirement. Consequently, Defendant has 20 days to present evidence to establish the $75,000 jurisdictional minimum. Plaintiff is granted 10 days to file an opposition. No subsequent reply is required.

IT IS THEREFORE ORDERED that Defendant is granted 20 days to establish the minimum amount in controversy for federal jurisdiction. Plaintiff is granted 10 days to file an opposition. No reply is required.

IT IS SO ORDERED.

DATED this 23rd day of June, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE